IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEE ROY BROWN,<br>    Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent | §<br>§<br>§<br>§<br>§  Civil Action No. 3:05-CV-1026-P<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. BACKGROUND**

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Lee Roy Brown, TDCJ-ID #1027084, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Beeville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. FACTUAL AND PROCEDURAL HISTORY**

In 2000 Brown was charged in the 283rd Judicial District Court of Dallas County, Texas, with the murder of Shawanna Bell during the course of committing or attempting to commit the offense of retaliation. (Clerk's R. at 2.) On February 15, 2001, a jury found Brown guilty of capital murder

and assessed his punishment at life imprisonment. (Clerk's R. at 21.) The Eighth District Court of Appeals of Texas affirmed the trial court's judgment on June 27, 2002. *Brown v. Texas*, No. 08-01-00120-CR, slip op. (Tex. App.–El Paso June 27, 2002) (not designated for publication). Although Brown apparently sought two extensions of time to file a petition for discretionary review in the Texas Court of Criminal Appeals, he did not do so in a timely manner, as verified through the court's website, *available at* http://www.cca.courts.state.tx.us. *Brown v. Texas*, PDR No. 1312-02. Brown filed a state application for habeas corpus relief on July 21, 2003, which was denied without written order by the Texas Court of Criminal Appeals on March 23, 2005. *Ex parte Brown*, State Habeas Application No. WR-57,998-01. This petition was filed on May 12, 2005. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

The evidence at trial reflected that Brown and his friend Michael Peace met Bell, an exotic dancer, at Club Babay in Dallas, Texas, on April 7, 2000. (Reporter's R., vol. 4, at 92.) Brown drove Bell to her house in the early morning hours and sexually assaulted her. (*Id.* at 99-101, 148-49, 175.) Bell attempted to follow Brown in her car but lost him. Bell returned home and called Peace; she informed him that Brown had raped her and that she was going to report it to the police. (*Id.* at 99-100.) Bell notified the police that a man she knew only as "Lee" had attacked her. (*Id.* sat 116.) Brown went to Bell's home several days later, approached her children outside, and obtained her phone number from them. (*Id.* at 195-96.) Brown began harassing Bell and offered to pay her $2000 a month for the rest of her life if she did not press charges, and he signed a contract to that effect. (*Id.* at 150-53, 174-84.) On the morning of April 13, 2000, Brown bought brown cloth gloves and duct tape and obtained a lottery ticket result at a convenience store; he then went to Bell's home, purportedly to make a payment to her. (*Id.* at 193-96; Reporter's R., vol. 5, at 20-23, 67-68, 86.) Bell's body was later found; she had been strangled and set on fire. (Reporter's R., vol. 4, at 46-48;

2

Reporter's R., vol. 5, at 106.) Brown was arrested the next day. He had $2900 in one-hundred dollar bills in his shirt pocket. (Reporter's R., vol. 5, at 59.)

Brown took the stand and denied that he sexually assaulted Bell, claiming that although she tried to engage him in sexual intercourse, she only "masturbated" him. (Reporter's R., vol. 5, at134-36.) After leaving Bell's house, Brown noticed Bell following him in her car. (*Id.* at 137.) Bell gave him her telephone number, and the two spoke on the telephone several times; they also met at the club at least once over the next few days. (*Id.* at 139-42.) On August 12, Bell informed Brown that she had filed a sexual-assault report with the Duncanville Police Department and demanded he sign a contract to pay her $2000 to drop the charges. (*Id.* at142-47.) Brown went to Bell's house on the morning of August 13 to give her the agreed upon amount, and Bell attempted to take an additional $1000 he had in his hand. (*Id.* at 148-49.) Brown took all the money back from Bell, who then became angry and threatened him with a knife. (*Id.* at 150-51.) Brown knocked the knife out of her hand, and Bell attacked him. (*Id.* at 151.) In an attempt to protect himself, he caught her around the neck with his hands, and they scuffled on the bed. (*Id.* at 162-65.) They rolled off the bed, and Brown, who was 6' 6" tall and 275 pounds, fell on top of Bell with his hand(s) still around her neck. (*Id.* at 159, 170-01.) He got up and saw that Bell did not move. (*Id.* at 151-52.) He panicked, went out to the garage and got a can of gasoline, poured gasoline on the bedroom floor, and ignited it. (*Id.* at 153-54.) According to Brown, Bell's death was purely accidental. (*Id.* at 154.)

**D. ISSUES**

Brown raises six grounds for relief, in which he claims (1) the evidence was legally and factually insufficient to support his conviction (grounds two and three), (2) he received ineffective assistance of counsel at trial and on appeal (grounds one, five, and six), and (3) he was denied due process due to jury charge error (ground four). (Petition at 7-8, 10; Reply at 2-3.)

3

## II. PROCEDURAL BAR

In his second and third grounds for relief, Brown claims that the evidence is factually and legally insufficient to support his conviction. Quarterman asserts that these claims are unexhausted and procedurally barred. (Resp's Answer at 21-23, 26.)

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Brown did not raise his sufficiency-of-the-evidence claims in a timely filed petition for discretionary review or in his state habeas application.[1] Thus, the claims are unexhausted. When a defendant fails to properly exhaust insufficiency-of-the-evidence claims, the Court may find the claims procedurally barred if the "time to file a petition for discretionary review has expired." *Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002) (citing TEX. R. APP. P. 68.2), *vacated on other grounds*,

---

[1] Even if Brown had raised his sufficiency-of-the-evidence claims in his state habeas application, under Texas law, a challenge to the sufficiency of the evidence used to sustain a felony conviction is not cognizable on habeas review. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).

4

541 U.S. 386 (2004). By failing to timely present such claims in a petition for discretionary review, Brown has procedurally defaulted the claims under Texas law. Such default constitutes an adequate and independent state procedural ground to bar federal habeas review. Therefore, absent a showing of cause and prejudice or a miscarriage of justice, which showing has not been made, Brown's grounds two and three are procedurally barred. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).

### III. APPLICABLE LAW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in

the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Brown claims he received ineffective assistance of counsel at trial and on appeal. He asserts trial counsel was ineffective in conducting voir dire, in their arguments to the jury, in failing to request a jury charge on self-defense, in failing to object to the indictment, the jury charge, prosecutorial misconduct, and prejudicial hearsay testimony, and in failing to try to obtain a new trial under Rule 21 of the Texas Rules of Appellate Procedure. (Pet'r Memorandum in Support at 7-14, 32-34; Reply at 2-3.) He asserts appellate counsel was ineffective by failing to review court records and present obvious issues. (Pet'r Memorandum in Support at 34-36.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance

the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. However, it is not necessary to address both prongs of the test if the petitioner makes an insufficient showing on one. *Id.* at 698. In fact, if a determination as to the prejudice prong is easier and disposes of an ineffectiveness claim, then that course should be followed. *Id.*; *Dowthitt v. Johnson*, 230 F.3d 733, 745 (5th Cir. 2000).

The state appellate court and/or the state habeas court rejected Brown's claims against his trial and appellate counsel. *Brown v. Texas*, No. 08-01-00120-CR, slip op. at 14-17; *Ex parte Brown*, State Habeas Application No. 57,998-01, at 75-77. The state habeas court specifically stated that, following review of the records in his case, Brown "was represented by attorneys who exercised all of the skill and expertise which one could reasonably expect of an attorney and that [he] was in no way denied his right to effective assistance of counsel either at trial or on appeal." Brown has failed to rebut the presumptive correctness of the state courts' adjudication of his claims. Moreover, having independently reviewed the state court records and assuming the jury disbelieved Brown's version of the events, there was overwhelming evidence of his guilt, and any acts or omissions of trial counsel were harmless. *See Green v. Lynaugh*, 868 F.2d 176, 177 (5th Cir. 1989) (stating "if the facts adduced at trial point so overwhelmingly to the defendant's guilt that even the most competent attorney would be unlikely to have obtained an acquittal, then the defendant's ineffective assistance claim must fail").

## V. JURY CHARGE ERROR

Brown claims his due process rights were violated because he was convicted under a charge that did not require proof beyond a reasonable doubt that he acted knowingly as to the result of his conduct as required by § 36.06 of the Texas Penal Code (Obstruction or Retaliation)–i.e., that he was reasonably certain that the result would occur. (Pet'r Memorandum in Support at 31.) *See In re*

7

*Winship*, 397 U.S. 358, 364 (1970) (holding that Constitution requires proof beyond a reasonable doubt of every fact necessary to constitute crime with which defendant is charged). He asserts there was no evidence that he harmed or had threatened to harm Bell, only evidence that he went to her house on the morning in question simply to pay her to drop the criminal charges as agreed. (Pet'r Memorandum at 30-32; Pet'r Reply at 15-16.) Thus, he asserts, the charge allowed a capital murder conviction based on the offense of witness tampering, a lesser offense. (Pet'r Memorandum at 31.)

Under § 36.06(a) of the Texas Penal Code–

> (a) A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:
>
>> (1) in retaliation for or on account of the service or status of another as a:
>>> (A) public servant, witness, prospective witness, or informant; or
>>> (B) person who has reported or who the actor knows intends to report the occurrence of a crime; or
>>
>> (2) to prevent or delay the service of another as a:
>>> (A) public servant, witness, prospective witness, or informant; or
>>> (B) person who has reported or who the actor knows intends to report the occurrence of a crime.

TEX. PENAL CODE ANN. § 36.06(a) (Vernon Supp. 2007).

In this case, as to the scienter element, the jury was charged as follows–

> A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.
> A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. (Clerk's R. at 12.)

To the extent Brown asserts there was no evidence that he acted knowingly, as compared to intentionally, any such distinction is immaterial. The jury could have grounded its verdict on his

8

intent to harm Bell in retaliation for reporting the rape. *See United States v. Phillips*, 477 F.3d 215, 222-23 (5th Cir. 2007). Further, relying solely on state law, the appellate court noted that intent is a question of fact for the trier of fact that may be inferred from the acts, words, and conduct of the accused. *Brown*, No. 08-01-00129-CR, slip op. at 11-12. As a result of its nature, mental culpability must generally be inferred from the circumstances under which a prohibited act or omission occurs. *Id.* Under the circumstances of this case, the appellate court held the evidence was sufficient to show Brown formed the requisite intent to commit retaliation either prior to or contemporary with the murder of Bell. *Id.* The state habeas court also determined that the jury instructions were in no way defective and did not deny Brown any of his due process rights. (State Habeas R. at 77.)

Brown has not shown that the state courts' adjudication of the issue is contrary to, or involves an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at his trial. 28 U.S.C. § 2254(d). Alleged errors in jury instructions do not state a claim for federal habeas relief unless the error resulted in prejudice of constitutional magnitude. *See Sullivan v. Blackburn*, 804 F.2d 885, 887 (5th Cir. 1986). The habeas petitioner must demonstrate that the error had a substantial and injurious effect or influence on the determination of the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 627 (1993); *Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir. 1999). Thus, deferring to the state courts' adjudication of the issue, Brown cannot demonstrate jury-charge error or, to the extent the jury instructions may have been wrong, a substantial and injurious effect on the jury's verdict.

## IV. RECOMMENDATION

Brown's petition for writ of habeas corpus should be denied.

SIGNED on this 14th day of December, 2007.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE